The 4th District Appellate Court of the State of Illinois has reconvened. The Honorable Eugene G. Doherty presiding. Good morning. Court is calling case number 4-23-1314. People versus Antonio Moore. Would counsel for the appellant please state your name for the record. Good morning. My name is Nicholas Gabb and I represent Mr. Monroe the appellant. And counsel for the appellee, would you state your name for the record. My name is Richard London on behalf of the people of the State of Illinois. Thank you. Mr. Gabb, you may proceed. Thank you. May it please the court, counsel, as I stated moments ago, my name is Nicholas Gabb from the Office of the State Appellate Defender, and I represent the appellant in this case, Mr. Antonio Monroe Jr. Mr. Monroe has raised several arguments in his brief, though I intend to focus my argument today on only a few. I am, of course, happy to answer questions related to any issue that's been raised. To begin with, trial counsel below, again, failed to strictly comply with Rule 604D by not adequately presenting Mr. Monroe's post plea motions. To begin with, despite confusion on remand by trial counsel, this plea was an open plea, not negotiated as the state argues on appeal, and as counsel below believed when this case was remanded. The plea in this case was that Mr. Monroe pled guilty to count two, vehicular hijacking, and the state would drop the other two charges pending. Mr. Monroe would also not argue for probation. However, Mr. Monroe would note that probation was never an actual legal sentence for this crime. The crime he pled guilty to was vehicular hijacking, which is non-probationable. Rule 604D states, a negotiated plea of guilty is one in which the prosecution is bound itself to recommend a specific sentence or a specific range of sentence or where the prosecution has made concessions relating to the sentence to be imposed and not merely to charges or charges pending. That is what occurred here. The state made no concession other than to dismiss two charges, and so this plea is open. Further, on remand, when this case was remanded initially because there was no 604D certificate, on remand, counsel for Mr. Monroe became of the belief that this plea was negotiated in part, it seems, based on a misunderstanding of this court's order. Counsel stated at a hearing on remand, I can't reconsider the sentence because it's a partially negotiated plea, so I'm asking you to withdraw the guilty plea. Counsel cannot adequately present post-plea motions if he is of the mistaken belief that he can't file a specific motion. Earlier in this, before prior to the original appeal, counsel did in fact file a motion to reconsider sentence and argued that before the trial judge at the time, Judge Lyons, and for some reason, on remand, trial counsel was no longer arguing. And so the 604D violation in this case occurs when defense counsel mistakenly believes he cannot file a motion to reconsider. Counsel now, during the hearing on this motion to withdraw the guilty plea, the trial court, there had been some confusion with the trial express over whether it was open or negotiated. And the trial court at this hearing, on their own volition, ordered the parties or will request the parties argue a motion to reconsider cover all bases. Counsel never adopted a previously filed motion to reconsider, never asked for a continuance or a recess to quickly create a motion to reconsider and file one, and merely stated that the sentence is excessive only to ask you to reconsider this. That is not an adequate presentation of a written motion to reconsider sentence. 604D requires a written motion, not an oral argument. Counsel, I guess the state's position is that the motion, though not in the proper form, was something of a Trojan horse that carried into the court, an argument that would have the same had it been supported by the written motion and that your client effectively got a hearing on that motion, even though the written document didn't say the right things that the argument did. Is that sufficient in substance, even if it's procedurally deficient? Mr. Monroe and I would argue no, your honor. The argument is not sufficient when counsel is of the belief he can't legally make the argument. He's only making the argument because the trial court has asked him to do so. It's not a sufficient argument for 604D purposes, which requires strict compliance. Counsel, if you prevail and it's a non-negotiated plea, what happens? So in terms of asking for, so the reason that I argued this whole, that I began the argument talking about this plea being open is because one, it has to be for a motion to reconsider to be actually filed. Right, I want to know what happened. You prevail, you win. Here, what happens next? So at this point then, I would ask for a remand for proper post plea motions to be filed and argued based on that 604D violation for a failure to adequately present post plea motions. And the motion would be to reduce the sentence? Well, it would be whatever motion that Mr. Monroe determines with his counsel on remand to file. Moving on, if this court does not agree that a 604D has been violated, Mr. Monroe would ask that this court consider the admonishments that were originally given by the trial court as being improper. The admonishments that the trial court gave Judge Lyons initially, who since retired and a different judge reviewed the case on remand, after the sentencing hearing, gave Mr. Monroe the following admonishments. Even though you've pleaded guilty, you have the right to an appeal. But prior to doing that, you'd have to file in the trial court, that's this one, within 30 days, a written motion asking to set aside what we've done, to vacate the judgment and withdraw the plea. You'd have to put in the motion the reasons why you think it would prevail. If you needed a lawyer or a transcript, you could have it at no cost if you qualified or requested it. But any issue or claim of error not raised in the motion would be deemed waived. Those are admonishments that track Rule 605C, which would be used in a case where the guilty plea was negotiated, not 605B, which is the case here when the plea is open, as Mr. Monroe argues. Following that, though, the state points out and is correct that this court does say, if you wish to file a motion to reconsider, you can set it for next week. However, let me really say it's a motion to reconsider. A motion to reconsider what? You can infer it's a motion to reconsider sentence, but admonishments are for the purpose to explain to a defendant what his rights are. A defendant has those admonishments have to substantially comply with the rule. And simply stating you can file a motion to reconsider and set it for next week does not inform Mr. Monroe of what that motion must include, of the consequences of filing a motion, of the consequences or of the timeliness that he has to file that motion, or of any of those other requirements of 605B. Again, moving on, if this court determines not to remand this case, whether it's in the interest of judicial economy or anything else that Mr. Monroe discusses in his argument can consider sentencing issues on appeal, Mr. Monroe would then turn to his argument that under Judge Lyons, he received an unfair trial or an unfair sentencing hearing due to bias displayed against him by the trial court. Now that is reviewed, that is subject to de novo review, and a sentence even within the legal limits may violate due process if the proceedings are fundamentally unfair. The trial court must show personal animosity, hostility, ill will, or distrust towards the defendant. And there are multiple examples of such towards Mr. Monroe in this record. There are comments about Mr. Monroe's mother that are directed on the record. There are comments towards Mr. Monroe himself that could be deemed sarcastic. Some of those are when referring to Mr. Monroe's discipline records, and after talking about how Mr. Monroe had to multiple times be redirected to his seat, Judge Lyons makes the comment of, well, maybe there's a certificate for it. Following that up, he talks about how Mr. Monroe's mother appeared to be absent, stating, where was your mother? Watching the other kids, I guess. Comments such as these display hostility and ill will towards Mr. Monroe, and create an example, and create a feeling of bias, and create an unfair proceeding where Mr. Monroe is being judged not on criminal conduct, but on his past, and on things that the trial court judge feels are showing a bad character. Mr. Monroe would ask that this court find that the original trial court, Judge Lyons, displayed this bias towards him, and remand for a new sentencing hearing. Now, the state suggests that in a couple of cases, one, that this was already cured at the original resentencing hearing under Judge Lyons. However, Mr. Monroe would argue that, one, this was in front of the same trial court judge. This was in front of the same trial court judge, and ill will was still displayed even at the resentencing hearing. There were comments made to Mr. Monroe about his co-defendant, who had been sentenced, it appears, after Mr. Monroe was originally sentenced. There were inappropriate comments about how, well, your co-defendant blames all of this on you when he was getting sentenced. He thinks he got a bad deal. That still displays the same animosity, and that hearing did not cure the earlier one. In addition, the state also argues, well, he got another hearing in front of a new judge on remand who looked at the record and said, well, this was okay. But again, as I argued above, those motions weren't adequately presented because trial counsel didn't believe he could legally make the argument for a motion to reconsider their sentence. Your Honor, at this point, if there's no other questions, I would end my time here and would just simply request relief. Seeing no further questions, Mr. Monroe would request, one, that this court find that there was a 604D violation remand for new post-plea proceedings, or if the court does not incline to agree with that, find that the admonishments given by Judge Lyons were improper in this court to remand for that, or if this court finds that it can and should consider these sentencing issues, Mr. Lyons, that after this court find that there was hostility and ill will displayed in such a manner that created bias for Mr. Monroe, denying him his right to a fair sentencing hearing. I would ask that this court remand for a new sentencing hearing. Thank you. Thank you, Mr. Gabb. Mr. London? Thank you, Your Honors. Good morning, Your Honors, counsel Richard London, on behalf of the people of the state of Illinois. Your Honors, initially, before getting into my argument, the people would like to acknowledge that pursuant to 730 ILCS 5-5-5-3K, probation was not an option for defendant, thus people versus Robinson is not analogous. The plea was thus open and was not partially negotiated. The parties below all did believe that it was partially negotiated, and defendant did not cite to the statute until on reply, at which time the people became aware and acknowledged that Robinson, as I said, is not analogous, and therefore, this wasn't open, not a partially negotiated plea. However, that does not obviously end the issue because defendant still is not entitled to a second remand. The issues really are whether defendant was afforded a full and that, indeed, they were. Defendant had a motion to reconsider sentence on file. It was in the proper form, so the question is the people have not asserted in their brief that it was not a proper form. What the people have suggested... Was that the motion that his attorney was arguing? On remand? Yeah. No, it wasn't, but he did argue such when the court suggested that he needed to do so. I mean, I'm going to assume that you came here today prepared to make the arguments that you're making, and that if we decided to say, look, what we'd like you to do is address some of other thing that isn't raised on the briefs. I know you'd give it your college try, but that's not how you would want it done, is it? No. I mean, the question is not whether it was done. The people acknowledged that that was not the most effective way, and certainly, we wouldn't be here if we might still be here. We certainly wouldn't have this issue if counsel had filed a new motion to reconsider and had made, to be honest, the exact same argument. The fact that counsel didn't file a new motion and didn't make additional argument, however, is a separate issue. Responding to you, Justice, is the question of did counsel's failure to file a new motion, which, of course, is not required by Rule 64D, was not required by this court's order, and or the fact that he was not planning on arguing the motion reconsider. Is that determinative of this issue? Well, the term is full and fair. Is it either? Is it a full hearing if counsel walked in not knowing that's what he was there to argue? Is it a fair hearing under those conditions? Again, the people would argue yes. Why? Because it was the same argument that he had made initially when he did file the motion to reconsider and believe that that was the appropriate argument. So, the question is not... Mr. London, can I ask this question? Of course. When a record reflects that the judge, the defense attorney, and the state all misapply the law and misunderstand what they're there for, how can we say, well, they gave it a good try, so that should be good enough? Your Honor, I don't believe that the judge misapplied the law as far as whether or not a motion reconsider was appropriate and necessary. Well, no, but he says I want to go ahead and... Here, just go ahead and argue your motion to withdraw or motion for excessive sentence. Sorry. Right. Again, by doing so, I don't think he misapplied the law. I think he said, I believe that you can and probably should argue that motion. Well, you should always try to bail out a sinking boat, but that doesn't mean you're going to be successful. Correct. And again, the people can only argue what the record shows. The people cannot and will not insult this court by suggesting that everything here was done completely the way the people would have recommended if we had an opportunity to go back in time. The question is, was defendant prejudiced by that? And we would argue that, they were not, because what we do have here is prior to remand, we have the argument that was made the first time around on the motion reconsider. And the argument on remand was pretty much the same. So there's two separate issues. Was defendant prejudiced by not having a new motion for reconsideration of the sentence filed versus would it have been different? Would trial counsel have made any different argument if he had filed a new motion to reconsider, if he had believed that this was an open plea? And the answer is the record shows that no, when he had the opportunity the first time around, he did not believe that the trial judge was biased and he did not believe that it was improper to consider these school charges. So in essence, what I'm arguing is even if we were to suggest that the forfeiture which defendant concedes happened here, even if this court were to look beyond that and address the merits of the issue, these issues have no merits. How can we determine that in this instance? Here we have an attorney who doesn't think that he can even argue this, doesn't prepare to argue it, doesn't come up with any new thoughts and just says, well, it's excessive. That's essentially what he did. In effect, there was a lack of enthusiasm or a lack of any extra effort because he thought it was pointless. He's still under that misunderstanding, isn't he? Yeah. He is under that arguably a misunderstanding on remand. Which goes all the way back to Judge Lyons who screwed this up at the outset. Well, everybody was confused. Everybody was confused as I don't think Judge Lyons negotiated or it was not. And Judge Gilfillan is kind of flummoxed because he can't figure out what happened. Why was this done by Judge Lyons? He knew the answer to that, but that answer's not going to appear on the record. The fact is Judge Lyons not only did give the, and again, was it an appropriate 605B admonishment? Of course not. Was the comment that you can file a motion to reconsider in conjunction with the 605C admonishment sufficient to alert the defense that they could file a motion to reconsider? To be honest, I would suggest that defendant is probably correct, that that in of itself would not have been sufficient. But for the significant and important and determining factor that defense counsel did file a motion to reconsider. We cited a case. Again, my mind, it escapes me at the moment, but we filed a case that says the issue of whether or not the 605B admonishment is appropriate as moot as the appropriate motion is filed. So the question boils down to despite the fact that counsel was at least confused as to whether or not he could re-argue this motion on remand. The question is, was that motion in front of the judge on remand? And the people would suggest it was. It did take the urging of the trial judge. Had it been ruled on previously? It had been. So normally a motion that's been ruled on is not for the judge? Well, again, we have particular and peculiar circumstances of 604D. And in the 604D circumstances, the law is clear that you do not need to re-file a motion. This court's... But a motion was filed. It was a motion to withdraw. And it took everyone's eye off the ball. That's what everyone was focused on. Well, it certainly didn't take the trial judge's eye off the ball. It arguably... He's got an exceptionally good eye, but I don't know that it's fair to state that everyone there was viewing it the same way. I don't disagree, Your Honor. And again, that's why we argue in the alternative, the fact that there is no dispute here. And the people will not attempt to argue or insult this court to suggest that defense counsel fully believed that he could argue a motion to reconsider on remand. It just doesn't seem like a reach to say that part of a full and fair hearing is that your attorney knows which motion is argued. I can't disagree with that concept. The question is, despite that, what would have been different assuming counsel had done so? And this would be a different case if it was remanded for 604D because no certificate had been filed and counsel had only previously filed a motion to withdraw the plea and then attempted to argue a motion to reconsider sentence. I think the more fair and in-depth analysis is what would counsel have done differently? It is wonderful on appeal now, and the people don't necessarily disagree with appellate counsel to suggest here were other potential avenues to argue, but the same defense attorney didn't feel that those were appropriate when he did initially present the motion. So the fact that he didn't know or didn't believe that he could look into a death, I guess what the question boils down to, if defense counsel had asked for a brief recess and had thought, well, now that the judge is telling me that he wants me to argue or re-argue or once again present the argument on the motion reconsider, what can I and what should I argue? And I believe the answer is he would have argued the same thing as he did the first time around. So what we're basically saying is, should we give the defendant another opportunity to file a new motion to raise what? We don't know that that's what counsel would do. And in fact, I would suggest to you that experienced trial counsel in that situation would realize that, look, I obviously can't argue what I argued before. I need to be coming up with something else. And had he been given that opportunity and had everybody been on the right page, then it's just as reasonable to argue that he would have done something else because any reasonable experienced trial counsel would recognize, I can't just stand up and argue this exact same thing I argued before. I've got to come up with something different. And he would have been given the opportunity to do that. I think that alternative is just as reasonable as the one you suggest. And to be honest, your honor, I'm not suggesting that that argument isn't reasonable, which is why we don't leave it at that and which is why we then address the merits. So here, appellate counsel, assuming that with the benefit of hindsight, which typically you don't get if you're arguing in effective assistance and with the time and effort and talent that appellate counsel came up with, appellate counsel came up with two arguments. The two arguments were that the judge was biased and that the school record should not be considered. We've argued the merits of that claim or actually the lack thereof. So even if counsel had the benefit of what you're suggesting, had taken a recess or had asked for continuance and had come back with those identical arguments, the question is, would he have been successful? And the answer is, for the reasons that we've described in our brief, no. There's some leeway for the trial court, right? If the trial court had decided to make a motion and we were reviewing it, there would be some degree of deference to his ruling. But we don't know what that ruling is and you want us to make the ruling in the first instance. You want us to be the trial court. No, I'm not asking this court to be the trial court. I'm asking this court to look at and determine. Let me digress for a moment. The people are in no way suggesting or condoning the comments of Judge Lyons. The comments were clearly intemperate. They were clearly sarcastic. However, they did not rise to the level or the problematic in Fisher, Montgomery, or Fung, despite the fact that this trial judge was the same judge as the people that have to acknowledge that was reversed in two of those cases. The comments here all related to appropriate factors in mitigation and aggravation. As the defendant cites in People v. Quintana, they all refer to defendants' demeanor, habits, mentality, criminal history, general moral character, social environment, and education. They were all appropriate determinations. The people are not suggesting in any way that everything here was spot on, that there weren't problems. What the people are suggesting is that without having to put itself in the position of the trial court, the people can, and at least defendant has argued that if forfeiture is forgiven, that this court can and should look at the merits. We've addressed that. If this court believes that the trial court judge on remand simply did not have an opportunity to address all of the merits, obviously, if this is remanded yet again, the odds are that defense counsel, whether it's the same attorney or a new attorney, will have the benefit of appellate counsel's suggestions of what arguments might be raised and could attempt to do so. That may or may not be the course that he takes, but the people fully believe that the trial court judge will reject any of those arguments based on the merit claims that the people make in their brief. Shouldn't we give the trial court the chance to decide if he agrees with you? Again, this court does have the ability to look at the merits. If this court believes that wasn't done and that the remand where the new judge looked at the record, looked at the transcripts, again, he seemed at least to understand what was required. If that isn't sufficient, then yes, under those circumstances, the proper remedy would be a remand for a new hearing on the motion to reconsider, certainly not a new sentencing hearing. Again, the people would just briefly suggest that we are not suggesting in any way, shape, or form that the proceedings below took place in a way that we would have suggested. There were problems. The question is, did those problems prejudice the defendant and the people who urged this court to find that they did not? Thank you, Mr. London. Mr. Gad. Thank you. Thank you, your honors. A brief rebuttal, a couple of points. One, Mr. Monroe, I'd like to point out that the state brought up the discussion about the actual sentencing hearing as well as the defense did on its initial argument. The state argued that all comments were directed towards Mr. Monroe or about his demeanor, about his character, about those things that are listed in Cantana. That's simply not true when you look at the record. As I stated on my initial argument, some of the comments were directed towards Mr. Monroe's mother, who was present in the courtroom, as you can tell from the record. Those are not appropriate comments. They display hostility and ill will towards Mr. Monroe. The court was making comments about the parenting skills of defendant's mother. That is not appropriate for a court to delve into. Moving away from those merits back to the arguments around the procedure in 604D, Mr. Monroe would again assert that those motions on remand were not adequately presented for many of the reasons that this court was questioning the state on. Further, Mr. Monroe would like to mention that the state cites in its brief to people versus Shirley and says, well, this court should follow Shirley and say you don't get another remand because you already had one. Mr. Monroe argues Shirley is inapplicable. Shirley was about a technical failing, a filing of a certificate that was untimely. Here, Mr. Monroe is raising essentially a merits issue, that his motions were not adequately presented. That is a significant difference from what was found in people versus Shirley. If there's no further questions from the court, I merely again request our relief that Mr. Monroe asks that this court find that rule 604D was violated and that the motions were not adequately presented or that the appeals and modifications by Judge Lyons require a remand. Thank you. Thank you to both counsel. The court will take the matter under advisement and we now stand in recess.